[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12643

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HORACE S. CAUDLE, JR.,
a.k.a. Black,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:09-cr-00157-RDP-SGC-1

_____

Before JILL PRYOR, LUCK, and MARCUS, Circuit Judges.

PER CURIAM:

Horace Caudle, *pro se*, appeals from the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  On appeal, he argues that: (1) his heart failure and hypertension, in combination with COVID-19, constitute an extraordinary and compelling reason for his release; and (2) various sentencing issues -- mainly that his mandatory minimum sentence would have been 25 years' imprisonment instead of life imprisonment had he been sentenced under the First Step Act -- constitute an extraordinary and compelling reason for his release.  After thorough review, we affirm.

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021).  However, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent permitted under § 3582(c).  *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015); 18 U.S.C. § 3582(c).  As amended by § 603(b) of the First Step Act, that section now provides, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

As we recently explained, to grant a reduction under § 3582(c)(1)(A), district courts must find that three necessary conditions are satisfied: "support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021). District courts do not need to address these three conditions in any particular sequence, and a defendant's failure to satisfy any one of them forecloses a sentence reduction. *Id.* at 1237.

The policy statement applicable to § 3582(c)(1)(A) is found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13. The commentary to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided that the court

determines that the defendant is not a danger to the safety of any other person or to the community. *See id.*, comment. (n.1). The commentary lists a prisoner's medical condition as a possible extraordinary and compelling reason warranting a sentence reduction if he: (1) has a terminal disease; or (2) is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover. *Id.*, comment. (n.1(A)). The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if the Director of the BOP determines there is an extraordinary and compelling reason. *Id.*, comment. (n.1(D)).

The policy statement in § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A), including those filed by prisoners, which means that district courts cannot reduce a sentence under § 3582(c)(1)(A) unless doing so would be consistent with § 1B1.13. *Bryant*, 996 F.3d at 1262. Accordingly, district courts are precluded "from finding extraordinary and compelling reasons within the catch-all provision beyond those specified" in § 1B1.13. *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). We recently held that "the confluence of [a prisoner's] medical conditions and COVID-19" did not constitute an extraordinary and compelling reason warranting compassionate release when the prisoner's medical conditions did not meet the criteria of § 1B1.13, comment. (n.1(A)). *Id.* at 1346.

Here, the district court did not abuse its discretion in denying Caudle's motion because he did not present any extraordinary and compelling reason justifying his release. For starters, Caudle's claim that several sentencing errors constituted an extraordinary and compelling reason for release -- including that his mandatory minimum sentence would have been 25 years' imprisonment instead of life imprisonment had he been sentenced under the First Step Act -- is foreclosed by our precedent. As we've squarely held, a district court cannot find extraordinary and compelling reasons beyond those specified in § 1B1.13, and § 1B1.13 does not provide any relief for sentencing errors like the ones Caudle has raised. *See Bryant*, 998 F.3d at 1262; *Giron*, 15 F.4th at 1347.

Nor did the district court abuse its discretion in determining that Caudle's heart failure and hypertension did not constitute an extraordinary and compelling reason for his release. *See* U.S.S.G. § 1B1.13 comment. (n.1(A)); *Bryant*, 996 F.3d at 1249–50; *Giron*, 15 F.4th at 1346–47. Indeed, while § 1B1.13 offers relief to inmates who are suffering from a physical or mental condition that diminishes their ability to provide self-care in prison, Caudle, notably, has not sought relief on this basis. Instead, Caudle says that his medical conditions create an extraordinary and compelling reason for his release because they increase the likelihood that he will experience severe COVID-19 symptoms, but this claim is too speculative to warrant a reduction of his sentence. Section 1B1.13 offers relief to inmates who *are suffering* from a physical or mental condition that diminishes their ability to provide self-care in prison; Caudle,

however, seeks relief based only on speculation that he is *at a high risk* of contracting COVID-19, and, if he does, that he *will suffer* severe symptoms. *See* U.S.S.G. § 1B1.13 comment. (n.1(A)); *see also Giron*, 15 F.4th at 1346–47.

Finally, because Caudle's failure to show any extraordinary and compelling reasons is dispositive, we need not consider whether the § 3553(a) factors weigh in favor of granting him relief. *See Tinker*, 14 F.4th at 1237–38. Accordingly, we affirm the denial of Caudle's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

**AFFIRMED.**